UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-007-RJC-DCK

| | |
|---|---|
| SHARON THOMAS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INREACH, )<br>)<br>Defendant. )<br>_____ ) | ORDER |

**THIS MATTER** comes before the Court on Defendant Inreach's Motion To Dismiss, (Doc. No. 3), and the Magistrate Judge's Memorandum and Recommendation and Order ("MR&O"), (Doc. No. 8), granting Plaintiff's Motion to Amend Complaint and recommending that this Court deny Defendant's Motion to Dismiss as moot. The parties have not filed objections to the MR&O and the time for doing so has expired. FED. R. CIV. P. 72(b)(2).

I.  **BACKGROUND**

Plaintiff filed a Complaint, (Doc. No. 1-1), on November 26, 2012 in Mecklenburg County Superior Court. Defendant Inreach removed the action to this Court on January 4, 2013, (Doc. No. 1), and filed a Motion to Dismiss, (Doc. No. 3), on January 11, 2013. On January 30, 2013, Plaintiff filed a Motion to Amend Complaint, (Doc. No. 7), which the Magistrate Judge granted on February 1, 2013, (Doc. No. 8).

In his Memorandum and Recommendation and Order granting Plaintiff's Motion to Amend, the Magistrate Judge recommended that this Court dismiss as moot the pending Motion to Dismiss. See (Doc. No. 8). The Magistrate Judge further indicated that Plaintiff should file

her amended complaint on or before February 14, 2013. (Id. at 4). Plaintiff, however, filed an amended complaint as an attachment to her Motion to Amend. See (Doc. No. 7-1). Therefore, the proposed amended complaint, (Doc. No. 7-1), is entered as the Amended Complaint in this action.

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

## III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an MR&O to which specific written objection

2

has been made. FED. R. CIV. 72(b). No objection to the MR&O having been filed, the parties have waived their right to de novo review of any issue covered in the MR&O. Nevertheless, this Court has conducted a full and careful review of the MR&O and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings must be dismissed as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule . . . is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also Collin v. Marconi Commerce Sys. Employees' Ret. Plan, 335 F. Supp. 2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiff's filing of the Second Amended Complaint"); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint). Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own and **DISMISSES** Defendant's Motion to Dismiss, (Doc. No. 3), as moot.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's MR&O, (Doc. No. 8), is **ADOPTED** and Defendant's Motion to Dismiss, (Doc. No. 3), is **DISMISSED as moot.**

Signed: March 7, 2013

Robert J. Conrad, Jr.
Chief United States District Judge