# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-007-MOC-DCK

| | |
|---|---|
| SHARON THOMAS, | ) |
|           Plaintiff, | ) ) ) |
| v. | )    MEMORANDUM AND )    RECOMMENDATION |
| INREACH, | ) ) |
|           Defendant. | ) ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant InReach's Motion For Partial Dismissal Of Plaintiff's Amended Complaint" (Document No. 11). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

*Pro se* Plaintiff Sharon Thomas ("Plaintiff" or "Thomas") initiated this action with the filing of a "Complaint" (Document No. 1-1) in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina on November 26, 2012. Although Plaintiff is appearing *pro se*, the undersigned observes that Plaintiff is not unfamiliar with litigation before this Court. The undersigned notes that Plaintiff has filed several lawsuits in recent years, either with this Court, or that were removed to this Court. See 3:11-CV-386-FDW; 3:11-CV-387-FDW; 3:12-CV-038-FDW; 3:12-CV-486-RJC; 3:13-CV-001-MOC; and 3:13-CV-005-MOC. Plaintiff also acknowledges that she has filed other lawsuits that deal with the same facts involved in this action that are either pending in state court or in the United States District Court

for the Middle District of North Carolina. (Document No. 7-1, pp.8, 14). Based on the foregoing, it appears that Plaintiff is well-acquainted with the standard of review to maintain an action in this Court.

Defendants removed the action to this Court on January 4, 2013. (Document No. 1). Defendants first "…Motion To Dismiss Plaintiff's Complaint" (Document No. 3) was filed January 11, 2013. Plaintiff then filed a "Motion For Leave To Amend Complaint" (Document No. 7) "in order to clarify the dispute between the parties" on January 30, 2013.

On February 1, 2013, the undersigned issued a "Memorandum And Recommendation And Order" (Document No. 8) granting Plaintiff's motion to amend, and recommending that the first motion to dismiss be denied as moot. Plaintiff was specifically ordered to "file an Amended Complaint on or before **February 14, 2013**." (Document No. 8, p.4). The "Memorandum And Recommendation And Order" (Document No. 8) was affirmed by the Honorable Robert J. Conrad, Jr. on March 7, 2013. (Document No. 9). Judge Conrad also determined that "the proposed amended complaint, (Doc. No. 7-1), is entered as the Amended Complaint in this action." Id.

The "Amended Complaint" generally alleges that InReach ("Defendant"), Jeanne Pritt ("Pritt"), Lori A. Gougeon ("Gougeon"), and/or Leslie Pepper ("Pepper") (collectively "Defendants") discriminated against Plaintiff on the basis of her race, age, gender, and disability or perceived disability.[1] (Document No. 7-1, p.3). Specifically, Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5 (codified at 42 U.S.C. § 2000e-5(e)(3) and elsewhere), the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), the Age

---

[1] Defendant InReach contends that none of the individual defendants have been served with the Amended Complaint in accordance with the Federal Rules Of Civil Procedure. (Document No. 11, p.1).

2

Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and various North Carolina statutes (including the North Carolina Equal Employment Practices Act, N.C.G.S. § 143-422.1 *et seq.*, and the North Carolina False Claims Act, N.C.G.S. § 1-605 *et seq.*). (Document 7-1, pp.1-2). Plaintiff also alleges that Defendants are liable for intentional infliction of emotional distress ("IIED") and negligent infliction of emotional distress ("NIED"). (Document No. 7-1, p.2, 10-12).

On March 21, 2013, "Defendant InReach's Motion For Partial Dismissal Of Plaintiff's Amended Complaint" (Document No. 11) and "Defendant InReach's Memorandum Of Law In Support…" (Document No. 12) were filed with the Court. Defendant asserts that Plaintiff's claims for: (1) retaliation (Count II); (2) "right to fair competitive wages" (Count VIII); and (3) claims of violation of the North Carolina False Claims Act and/or the North Carolina Whistleblower Protection Act (Count VIII), must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. (Document No. 11, pp.1-2). Plaintiff filed a timely response, "Reply In Opposition To Motion To Dismiss By Plaintiff" (Document No. 14), on April 8, 2013. Defendant failed to file a reply brief, or notice of intent not to reply, as required by Local Rule 7.1 (E). Without seeking leave of the Court, Plaintiff also filed a sur-reply, "Reply Renewed Objection To Defendants Motion To Dismiss By Plaintiff" (Document No. 15), on May 2, 2013.

The pending motion to dismiss is now ripe for review, and a memorandum and recommendation to Judge Conrad is now appropriate.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the

3

applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (citations omitted).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

**A. Retaliation**

Plaintiff's allegation of retaliation by Defendant is at best vague and conclusory. Plaintiff suggests in Count II that she has suffered retaliation "for disclosing, seeking assistance and prior protected activity." (Document No. 7-1, p.6-7)

As Defendant asserts, "[t]o state a legally viable retaliation claim, Plaintiff must allege that: (1) she engaged in protected activity; and (2) an employer took action that would be materially adverse to a reasonable employee; and (3) there is a causal connection between the protected activity and the asserted adverse action." (Document No. 12, pp.2-3) (citing Lettieri v. Equant, Inc., 478 F.3d 640, 650 n.2 (4th Cir. 2007)).

Plaintiff's "Amended Complaint" contains no mention of any protected activity involving Defendant InReach. The only mention of alleged "protected activity" relates not to InReach, but to Plaintiff's previous employer, North Carolina Central University, to whom she purportedly complained about "unlawful discriminatory, hostile employment practices[.]" (Document No. 7-1, p.7). Notably, while Plaintiff alleges that the North Carolina Office of Administrative Hearings, Duke University and the Society of Human Resource Management were all aware of her complaint and purportedly subjected her to retaliation, not once does she mention any such knowledge or awareness by InReach. Id. There are absolutely no allegations in Plaintiff's Amended Complaint suggesting any correlation or connection between Plaintiff's purported protected activity involving her prior employer and InReach. Moreover, even *if* Defendant was aware of Plaintiff's litigation history, there is no factual support in the Amended Complaint for an allegation that Defendant retaliated against Plaintiff based on those prior legal actions.

In short, the undersigned finds that Plaintiff has failed to allege any factual allegations to support a plausible claim for retaliation by Defendant.

**B. Right To Fair Competitive Wages**

Count VIII of Plaintiff's "Amended Complaint" for violation of her "right to fair competitive wages" is similarly deficient in its failure to allege sufficient facts to support a plausible claim. As noted by Defendant, InReach never employed Plaintiff, and Plaintiff fails to allege any facts supporting a claim that Defendant somehow violated her purported "right to fair competitive wages." (Document No. 7-1, p.10).

Based on the foregoing, the undersigned recommends that Count VIII should also be dismissed. (Document No. 7-1).

**C. State Claims**

Also under Count VIII, Plaintiff's claim for violation of the North Carolina False Claims Act, N.C.G.S. §§ 1-605 – 1-618, appears to be based solely on an allegation that "Goodwill Industries of the Southern Piedmont Inc. [is] in receipt of federal and local government funding and [is] not following the anti discrimination employment laws and practices." (Document No. 701, p. 10). Plaintiff provides no argument, and the undersigned cannot determine, how this claim relates to Defendant InReach. It appears likely that at least this portion of Count VIII has been mistakenly carried over to this action from another lawsuit filed by Plaintiff (Thomas v. Goodwill Ind., et al., 3:13-CV-005-MOC). Under these circumstances, Plaintiff's claim against InReach for violation of the North Carolina False Claims Act should be dismissed.

In the same section of Plaintiff's Amended Complaint, she also makes reference to the North Carolina Whistleblower Protection Act, N.C.G.S. §§ 126-84 – 126-89. (Document No. 7-1, p.10). Any such claim must be dismissed because the Whistleblower Protection Act only involves *state employees* who report violations of law, fraud, misappropriation and abuse of authority. N.C. Gen. Stat. §§ 126–84. The Amended Complaint contains no allegation that InReach is a state employer.

## IV. CONCLUSION

In short, the undersigned agrees with Defendant InReach's arguments for dismissal of Counts II and VIII of the "Amended Complaint." (Document No. 12). The undersigned notes that neither of Plaintiff's responses (Document Nos. 14 and 15) articulate any argument refuting Defendant's contentions in its motion to dismiss and supporting memoranda.

Although Defendant has yet to seek dismissal of any of Plaintiff's other claims, the undersigned observes that other claims might be subject to dismissal pursuant to 28 U.S.C. § 1915 (e)(2)(ii). It is the undersigned's view that the "Amended Complaint" fails to support most, if not all, of its claims with "enough facts to state a claim to relief that is plausible on its face." Iqbal, 129 S.Ct. at 1960 (quoting Twombly, 550 U.S. at 570).

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Inreach's Motion For Partial Dismissal Of Plaintiff's Amended Complaint" (Document No. 11) be **GRANTED**, and that Counts II and VIII of the "Amended Complaint" be dismissed.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).

Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: June 17, 2013

David C. Keesler
United States Magistrate Judge