UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-007-RJC-DCK

| | |
|---|---|
| **SHARON THOMAS,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>) **ORDER**<br>**INREACH, JEANNE PRITT, Individually** )<br>**and in her Official Capacity as Associate** )<br>**Director for InReach, LORI A.** )<br>**GOUGEON, Individually and in her** )<br>**Official Capacity as Executive Director** )<br>**of InReach, Leslie Pepper, Individually** )<br>**and in her Official Capacity as Human** )<br>**Resource Generalist for InReach,** )<br>)<br>**Defendants.** )<br>_____ ) | |

**THIS MATTER** comes before the Court on Defendant InReach's Motion for Partial Dismissal of Amended Complaint, (Doc. No. 11), the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 16), recommending that this Court grant Defendant's Motion, and Plaintiff's Objection to the M&R, (Doc. No. 18).

I.   **BACKGROUND**

Plaintiff Sharon Thomas ("Plaintiff") filed a Complaint, (Doc. No. 1-1), on November 26, 2012 in Mecklenburg County Superior Court. Defendant InReach ("InReach") removed the action to this Court on January 4, 2013, (Doc. No. 1), and filed a Motion to Dismiss, (Doc. No. 3), on January 11, 2013. On January 30, 2013, Plaintiff filed a Motion to Amend Complaint, (Doc. No. 7), which the Magistrate Judge granted on February 1, 2013, (Doc. No. 8). Plaintiff's Amended Complaint generally alleges that Defendants InReach, Jeanne Pritt, Lori A. Gougeon,

and/or Leslie Pepper discriminated against Plaintiff on the basis of her race, age, gender, and disability or perceived disability.[1] (Doc. No. 7-1 at 3). Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), the Lilly Ledbetter Fair Pay Act of 2009, Pub. L. No. 111-2, 123 Stat. 5, codified at 42 U.S.C. § 2000e-5(e)(3) et seq., the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. ("ADEA"), and various North Carolina statutes, including the North Carolina Equal Employment Practices Act, N.C.G.S. § 143-422.1 et seq., and the North Carolina False Claims Act, N.C.G.S. § 1-605 et seq. (Doc. No. 7-1 at 1-2). Plaintiff also alleges that Defendants are liable for intentional infliction of emotional distress and negligent infliction of emotional distress. (Id. at 2, 10-12).

Defendant InReach filed a Motion for Partial Dismissal of Plaintiff's Amended Complaint on March 21, 2013, (Doc. No. 11), and Plaintiff filed two Responses in Opposition on April 8, 2013, (Doc. No. 14), and May 2, 2013, (Doc. No. 15). The Magistrate Judge filed an M&R on June 16, 2013, recommending that this Court grant Defendant's Motion for Partial Dismissal of Plaintiff's Amended Complaint. The Magistrate Judge also noted that although Defendant did not seek dismissal of Plaintiff's other claims, the "other claims might be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(ii)." (Doc. No. 16 at 7). The Magistrate Judge stated that in his view, the Amended Complaint "fails to support most, if not all, of its claims

---

[1] Defendant InReach notes that Plaintiff's Amended Complaint purports to add three individual defendants, two of whom are current InReach employees and one who is a former employee of InReach. However, none of these defendants were named as parties in Plaintiff's original Complaint, and none have been served with Plaintiff's Amended Complaint in accordance with the Federal Rules of Civil Procedure. Accordingly, Defendant's Motion for Partial Dismissal of Plaintiff's Amended Complaint is submitted solely on behalf of InReach.

2

with 'enough facts to state a claim to relief that is plausible on its face.'"[2] (Id. at 7) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1960 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In her Objection to the M&R, Plaintiff makes several vague and conclusory statements, but specifically objects only to the Magistrate Judge's suggestion that this Court might dismiss her Amended Complaint in its entirety. See (Doc. No. 18 at 3) ("Plaintiff respect[t]fully Object[s] to the Court's Recom[m]endation that all of the claims are dismissed."). Plaintiff does not appear to object to the Magistrate Judge's recommendation that this Court grant Defendant's Motion for Partial Dismissal of Amended Complaint. See (Id. at 1-3).

## II.     STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d

---

[2] The Magistrate Judge also noted that "Plaintiff is not unfamiliar with litigation before this Court . . . Plaintiff has filed several lawsuits in recent years, either with this Court, or that were removed to this Court. See 3:11-CV-386-FDW; 3:11-CV-387-FDW; 3:12-CV-038-FDW; 3:12-CV-486-RJC; 3:13-CV-001-MOC; and 3:13-CV-005-MOC. Plaintiff also acknowledges that she has filed other lawsuits that deal with the same facts involved in this action that are either pending in state court or in the United States District Court for the Middle District of North Carolina. (Document No. 7-1, pp.8, 14). Based on the foregoing, it appears that Plaintiff is well-acquainted with the standard of review to maintain an action in this Court." (Doc. No. 16 at 1-2).

44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note).

### III.  DISCUSSION

####   A.  Defendant InReach's Motion for Partial Dismissal of Amended Complaint

Defendant InReach seeks dismissal of Plaintiff's claims for (1) retaliation (Count II); (2) "right to fair competitive wages" (Count VIII); and (3) violation of the North Carolina False Claims Act and/or the North Carolina Whistleblower Protection Act (Count IX), pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. No. 11 at 1-2). Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. FED. R. CIV. 72(b). Plaintiff "makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations," Orpiano, 687 F.2d at 47, but does not object to the Magistrate Judge's recommendation that this Court grant Defendant's Motion for Partial Dismissal of Plaintiff's Amended Complaint. See (Doc. No. 18). Therefore, no objection to this portion of the M&R having been filed, the parties have waived their right to de novo review of the Magistrate Judge's recommendation on the Motion for Partial Dismissal. Nevertheless, this Court has conducted a

full and careful review of the M&R and other documents of record and, having done so, hereby finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court **ADOPTS** the recommendation of the Magistrate Judge as its own, **GRANTS** Defendant's Motion for Partial Dismissal of Amended Complaint, and **DISMISSES** Counts II, VIII and IX.

B. <u>Remaining Claims in Amended Complaint</u>

Defendant InReach did not seek dismissal of Counts I, III, IV or VI. The Magistrate Judge noted, however, that Plaintiff's allegations regarding these Counts are threadbare and suggested they might be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(ii). (Doc. No. 16 at 7). Section 1915(e)(2)(B)(ii) states that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted." Plaintiff objected to this portion of the M&R, and the Court thus reviews this issue de novo. Because Defendant InReach did not move to dismiss the remaining Counts in the Amended Complaint, the Court declines to dismiss them sua sponte at this time.

IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 16), is **ADOPTED**; and
2. Defendant's Motion for Partial Dismissal of Amended Complaint, (Doc. No. 11), is **GRANTED**.

Signed: July 18, 2013

Robert J. Conrad, Jr.
United States District Judge