IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-CV-007-RJC-DCK

| | |
|---|---|
| SHARON THOMAS, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| INREACH, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant InReach's Motion To Compel Plaintiff's Attendance At Her Deposition And For Sanctions" (Document No. 23). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will grant the motion in part, and deny the motion in part.

## BACKGROUND

*Pro se* Plaintiff Sharon Thomas ("Plaintiff" or "Thomas") initiated this action with the filing of a "Complaint" (Document No. 1-1) in the General Court of Justice, Superior Court Division, Mecklenburg County, North Carolina on November 26, 2012. Although Plaintiff is appearing *pro se*, the undersigned again observes that Plaintiff is not unfamiliar with litigation before this Court. See (Document No. 16). Plaintiff has filed several lawsuits in recent years, either with this Court, or that were removed to this Court. See 3:11-CV-386-FDW; 3:11-CV-387-FDW; 3:12-CV-038-FDW; 3:12-CV-486-RJC; 3:13-CV-001-MOC; and 3:13-CV-005-MOC. Plaintiff has also acknowledged that she has filed other lawsuits that deal with the same

facts involved in this action that are either pending in state court or in the United States District Court for the Middle District of North Carolina. (Document No. 7-1, pp.8, 14).

Defendant InReach filed its pending motion to compel and for sanctions on February 3, 2014. The motion alleges that Plaintiff failed to appear at a properly-noticed deposition on January 21, 2014, and requested that the Court compel Plaintiff to appear at a re-scheduled deposition on February 18, 2014.

The undersigned issued an "Order" (Document No. 25) on February 4, 2014, requiring Plaintiff to "file a response to "Defendant InReach's Motion To Compel . . ." (Document No. 23) on or before **February 11, 2014**." The Clerk of Court sent the "Order" (Document No. 25) to Plaintiff via certified mail, return receipt requested, and the record indicates that Plaintiff received that "Order" on February 6, 2014. (Document No. 26). Nevertheless, Plaintiff failed to file her response by February 11, 2014, and has failed to request additional time to respond.

The Court is informed that Plaintiff also failed to appear at the deposition re-scheduled for February 18, 2014. As such, Plaintiff has now failed to appear at two scheduled depositions, and has failed to abide by an explicit "Order" of this Court requiring her to respond to a pending motion. (Document No. 25).

## STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).  The rules of discovery are to be accorded broad and liberal construction.  See Herbert v. Lando, 441 U.S. 153, 177 (1979);  and Hickman v. Taylor, 329 U.S. 495, 507 (1947).  However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense."  Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion.  See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel);  and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(5)(A).  In addition, Fed.R.Civ.P. 37(d) authorizes the Court to order sanctions if a party fails to attend a properly noticed deposition.  Theses sanctions may include dismissal of the action and/or the payment of the reasonable expenses, including attorney's fees, caused by the failure.  See Fed.R.Civ.P. 37(b)(2).

**DISCUSSION**

In short, the undersigned finds Defendant's pending motion very persuasive, and Plaintiff has declined to provide any response that challenges either the facts or law asserted by Defendant.  Plaintiff filed this action and is responsible for participating in discovery as required by the Federal Rules of Civil Procedure, the Local Rules of this Court, and the "Pretrial Order

And Case Management Plan" (Document No. 22). See Fed.R.Civ.P. 30 (a party may depose another party without leave of the court, and attendance may be compelled under Rule 45). To date, it appears that Plaintiff is failing to adequately prosecute her lawsuit. Moreover, Plaintiff's conduct is causing Defendant, and the Court, to expend unnecessary resources on this case.

Based on the foregoing, the undersigned will grant Defendant's motion to the extent it seeks to compel Plaintiff's attendance at her deposition. Defendant may re-schedule, in consultation with Plaintiff if possible, and properly notice another deposition of Plaintiff. If Plaintiff fails to attend her re-scheduled deposition, she will likely face sanctions. Such sanctions may include dismissal of this lawsuit, and/or the payment of Defendant's reasonable expenses related to any or all of the depositions scheduled for Plaintiff in this matter.

At this time, the undersigned will deny Defendant's motion to the extent it seeks sanctions, but will take that request under advisement. Pending Plaintiff's participation in the proposed deposition and other discovery, Defendant may renew its request for sanctions at a later date.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant InReach's Motion To Compel . . ." (Document No. 23) is **GRANTED** in part, and **DENIED** in part, as more fully described herein.

The Clerk of Court is directed to send this Order to *pro se* Plaintiff via certified mail, return receipt requested.

Signed: February 20, 2014

David C. Keesler
United States Magistrate Judge

4